FILED
2014 Sep-18  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY McCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-1797-LSC |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

The plaintiff, Gregory McCoy, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. McCoy timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. McCoy was fifty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has an eleventh grade education. (Tr. at 17, 46, 122, 126, 150.) His past work experiences include employment as a groundskeeper and

construction worker. (Tr. at 48-49, 146-47, 160-67.) Mr. McCoy claims that he became disabled on September 1, 2008, due to "[d]iabetes/hbp/weak arms and legs/numb." (Tr. at 145-46.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. McCoy meets the nondisability requirements for a period of disability and DIB, and was insured through September 30, 2012. (Tr. at 22.) The ALJ further determined that Mr. McCoy has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's diabetes mellitus and glaucoma are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, the ALJ found that these impairments neither meet nor medically equal any

of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 23.)

The ALJ did not find Mr. McCoy's "statements concerning the intensity, persistence

and limiting effects of [his] symptoms" to be credible, and he determined that he has

the following RFC:

> [L]ight work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)
> except can lift/carry twenty pounds occasionally and ten pounds
> frequently; stand/walk six hours in an eight hour day; sit six hours in an
> eight hour day; needs a sit stand option; unlimited ability to push and
> pull to the same extent as lifting and carrying ability; able to frequently
> climb ramps and stairs; occasionally climb ladders and scaffolding; never
> climb ropes; no postural limitations; no overhead reaching with the right
> upper extremity and occasional reaching overhead with the left upper
> extremity; visually could not do any job that requires reading fine writing
> or printing; no communicative limitations; avoid concentrated exposure
> to extreme cold, dangerous moving machinery, and unprotected heights;
> and experiences mild pain.

(Tr. at 23-25.) According to the ALJ, Mr. McCoy is unable to perform any of his past

relevant work, he is a "younger individual," and he has a "limited education," as

those terms are defined by the regulations. (Tr. at 26-27.) He determined that

"transferability of job skills is not material to the determination of disability." (Tr. at

27.) Even though Plaintiff cannot perform the full range of light work, the ALJ used

Medical-Vocation Rule 202.18 as a guideline for finding that there are a significant

number of jobs in the national economy that he is capable of performing, such as

sorter, assembler, and production worker. (*Id.*) The ALJ concluded that Plaintiff has

been under a disability from September 2, 2008 through the decision date. (Tr. at 28.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* " The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.' " *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for

" despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion

Mr. McCoy alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he believes that the ALJ erred in not considering carpal tunnel syndrome to be a " severe" impairment. (Doc. 8 at 5.) Second, Mr. McCoy contends that the ALJ failed to properly consider his impairments in combination. (Doc. 8 at 7.)

A.     Failure to Find Carpal Tunnel Syndrome as a Severe Impairment

Plaintiff contends that the ALJ erred in failing to consider his carpal tunnel syndrome as a " severe" impairment at step two of the sequential evaluation process. (Doc. 8 at 5.)  At step two, the ALJ must evaluate Plaintiff's medical evidence in the record to determine whether he had a severe impairment(s), which is an impairment that significantly limits his ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  As noted, if the claimant does not have a severe impairment, the analysis stops, but if the claimant does have a severe impairment or combination of impairments, the analysis proceeds to the third step.

In this case, the ALJ found in favor of the plaintiff and determined that he had severe impairments at step two: diabetes mellitus and glaucoma; then proceeded to subsequent steps in the sequential evaluation as required by the regulations. (Tr. at 22.)  The specific impairments listed in the step two finding do not affect the outcome of the case.  This is because the Commissioner is obligated to continue with the remaining steps in the sequential evaluation process after finding at least one severe impairment.  Thus, the Commissioner's designation of a claimant's other impairments as "severe" or "non-severe" is of little consequence since all of these impairments must be considered in combination in the RFC determination. "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Heathy v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-825 (11th Cir. 2010).  "Even if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires." *Id.* at 825; *see also Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1991) (applying the harmless error doctrine to social security cases); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("the finding of any severe impairment. . . whether or not it results from a single severe

impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two). Once one severe impairment is found, the essential question is the extent to which Plaintiff's impairments limited his ability to work during the relevant period. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). As discussed in more detail in the next section, the ALJ considered Plaintiff's alleged carpal tunnel syndrome in his RFC assessment and found that Plaintiff still had the RFC to perform a range of light work. (Tr. at 23.) *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining light work).

Even assuming that it would be possible for the ALJ to commit error at step two after having found at least one severe impairment, Plaintiff still bears the burden of showing why each of his impairments should have been considered severe. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). As stated in the regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). An impairment must be severe for at least twelve consecutive months to satisfy step two. *See* 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1529(a)(4)(ii). Plaintiff failed to show that carpal tunnel syndrome significantly limited his ability to do basic work activities during the relevant period. The mere diagnosis of impairments "does not reveal the extent to which they limit [his] ability

to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Plaintiff continued to work from April 2001, when he first sought treatment for right hand numbness, through July 15, 2008, when he was laid off from his job in the construction industry. (Tr. at 22, 139-40, 146, 198.) Plaintiff's ability to work for more than seven years despite his carpal tunnel syndrome provides evidence that he did not have a severe impairment related to his right hand. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Ellison v. Barnhart*, 355 F.3d 1272, 1275-76 (11th Cir. 2003). Moreover, he never sought additional treatment for carpal tunnel syndrome after 2001, and an examination on December 7, 2009, revealed "normal strength in both arms—biceps, triceps, deltoids, grip." (Tr. at 259.) Additionally, Plaintiff's treating physician noted that he is out of work due to the economy. (Tr. at 257.) Through his receipt of unemployment compensation benefits, Plaintiff certified to the State that "he is able to and looking for work." (*Id.* at 26.) Plaintiff also testified that he takes care of his disabled brother and their household. (*Id.* at 58.)

Accordingly, Plaintiff failed to show that his carpal tunnel syndrome limited his ability to do basic work activities, and the Court finds the ALJ did not err in failing to recognize his carpal tunnel syndrome as a severe impairment.

B.     Combined Effects of Plaintiff's Multiple Impairments

Plaintiff also contends that the ALJ did not properly consider the combined effects of his multiple impairments, noting that he complained of symptoms and limitations related to diabetes mellitus, glaucoma, carpel tunnel syndrome, and chronic and severe pain. (Doc. 8 at 7.) Plaintiff specifically argues that the ALJ failed to consider his carpal tunnel syndrome and chronic pain "at all." (*Id.*)

The ALJ must consider the combined effect of all impairments in order to assess Plaintiff's disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A plaintiff should be considered in the whole and not evaluated in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 532-33 (11th Cir. 1993).

Here, the ALJ considered all of Plaintiff's impairments in evaluating his claim, including in assessing his RFC. (Tr. at 22-26.) Indeed, the ALJ sufficiently considered the combined effects of the plaintiff's impairments at steps three and four of the assessment process. (Tr. at 23-26.) At step three, the ALJ assessed that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (*Id.* at 23.) Notably, the ALJ's finding at step three that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a listed impairment has been held by the Eleventh Circuit to be sufficient to show that the ALJ considered the combined effect of

Plaintiff's impairments. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-1225 (11th Cir. 2002); *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011).  The ALJ's decision plainly does not "stop[]" at step three, as Plaintiff contends.  At step four, the ALJ made his RFC assessment "[a]fter careful consideration of the entire record." (Tr. at 23.)   Throughout step four, the ALJ discussed and analyzed Plaintiff's diabetes mellitus, glaucoma, carpal tunnel syndrome, and hypertension in great detail. (Tr. at 23-26.) The ALJ considered Plaintiff's carpal tunnel syndrome, reiterating that his medical records show "normal strength in both arms" and "normal findings." (*Id.* at 248-52, 256, 259, 293.) The ALJ's decision reflects that Plaintiff's carpal tunnel syndrome was evaluated in connection with the RFC finding, as the ALJ referenced Plaintiff's testimony about his limited ability to lift anything heavier than a gallon of milk and his right hand weakness and pain, as well as his inability to hold a hammer. (*Id.* at 50-52.)   Indeed, the ALJ expressly considered Plaintiff's symptoms in assessing his RFC:

> Even in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings, the undersigned gives the claimant the benefit of the doubt, and reconciles the residual functional capacity with those statements made by the claimant concerning the limiting effects of his symptoms that the undersigned found to be credible.

(Tr. at 26.) The ALJ ultimately included a limitation in Plaintiff's RFC restricting him from reaching overhead with his right upper extremity and only occasionally reaching overhead with his left upper extremity. (*Id.* at 26.)   The ALJ determined that Plaintiff's combination of impairments limited him to light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with specific restrictions that addressed the limitations reasonably caused by his physical impairments. (*Id.*)

As to Plaintiff's allegations of chronic pain, the ALJ found that "[t]he medical evidence of record does not support the level of disabling limitations and pain that the claimant alleges." (*Id.* at 26.) In support, the ALJ found that Plaintiff's description of his daily activities was not "strong evidence" in favor of finding him disabled, due to the lack of objective verification as well as the weak medical evidence.  (Tr. at 25-26.) The ALJ noted that none of Plaintiff's treating physicians recommended specific activity restrictions. (*Id.*) Plaintiff offers no evidence to counter this conclusion and does not challenge the ALJ's credibility determination.

In sum, Plaintiff failed to show that his impairments, singularly or in combination, caused any additional limitations on his ability to work. Plaintiff failed to identify any limitations caused by his alleged pain, carpal tunnel syndrome, or another impairment that the ALJ should have added to his RFC assessment. *See Moore*, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not

reveal the extent to which they limit [his] ability to work or undermine the ALJ's determination in that regard.") The Court finds the ALJ did not err, as he considered all of Plaintiff's impairments in combination. *See, e.g., Wilson*, 284 F.3d at 1224-25.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. McCoy's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 18th day of September 2014.

L. Scott Coogler
United States District Judge
[160704]